Georgianna JOHNSON, et al., Plaintiffs,

v.

Edward KAY, et al., Defendants.

No. 87 Civ. 6482 (RWS).

United States District Court,
S.D. New York.

Feb. 4, 1988.

Connerton & Bernstein, Washington, D.C., for plaintiffs; Jules Bernstein, Laurence E. Gold, Eric Steele, of counsel.

Robinson, Silverman, Pearce, Aronsohn & Berman, New York City, for defendant Edward Kay; James M. Altman, of counsel.

Gladstein, Reif & Meginniss, Brooklyn, N.Y., for defendants/counterclaimants; James Reif, of counsel.

Rabinowitz, Boudin, Standard, Krinsky & Lieberman, P.C., New York City, for Local 1199; Victor Rabinowitz, of counsel.

## OPINION

SWEET, District Judge.

Defendant Edward Kay ("Kay") has moved to vacate the order entered by the Special Master, Eric Schmertz, Dean of Hofstra Law School, ("the Special Master") directing that Georgiana Johnson ("Johnson"), President of the Drug, Hospital and Health Care Employees Union, Local 1199 (the "Union" or "Local 1199"), be permitted to rent the Beacon Theatre for the purpose of calling a general delegates meeting. For the reasons set forth below, Kay's motion is denied.

*Background*

The facts resulting in this dispute are set forth fully in this court's opinion of October 8, 1987, *Johnson v. Kay,* 671 F.Supp. 268 (S.D.N.Y.1987), familiarity with which is assumed. However, a brief statement of the facts relevant to this motion is warranted.

The power struggle between rival union factions, one headed by Johnson, Local 1199's president, and one headed by Kay, Local 1199's secretary/treasurer has continued since last summer. Kay is backed by the Union's Executive Council. The initial issues centered on a set of amendments to the Union's constitution, and on the referendum vote on those amendments. The amendments, which grant the Executive Council more control over the President than had previously existed, were opposed by Johnson. By an election conducted pursuant to the directions of the Special Master, the Union voted by a narrow margin to amend its constitution in the manner advocated by the Kay faction. The validity of the election results are being contested by

Johnson. Johnson now seeks authorization to call a general membership meeting, the agenda for which has not yet been formulated, but which is presumed to relate to amendments previously approved.

This court's jurisdiction was initially invoked pursuant to the Labor–Management Reporting and Disclosure Act of 1959, 29 U.S.C. §§ 411 and 464 ("LMRDA"). Plaintiffs claimed violations of that act and of the constitutions of both Local 1199 and the international union with which it is affiliated, the International Retail, Wholesale and Department Store Workers Union ("RWDSU").[1] Subsequently, this court issued several orders and opinions on this and a related case.[2] Additionally, the Special Master has presided over differences regarding the construction of the constitutions by rulings which have been appealable to this court.

During the course of the dispute, the court was called upon, among other things, to enjoin Kay from interfering with Johnson's means of communication. *See Johnson v. Kay,* 671 F.Supp. 268 (S.D.N.Y.1987) (setting forth some of the many disputed issues). Thus, Kay was enjoined from preventing Johnson from disseminating her views in the union newspaper and through mailings. At issue here is another means of communication, the calling of a General Delegates Assembly.

Under the Union constitution, the president is required to call two General Delegates Assemblies per year. On September 17, 1987, Johnson scheduled such a meeting for November 5, 1987. Because of changes in the timing and method of the elections, that meeting was rescheduled for November 24, 1987. Johnson attempted to reserve the Beacon Theatre for the occasion on or about November 10, 1987, when Johnson requested the rental fee from Kay. However, the meeting never occurred. On November 23, 1987, by sending mailgrams and making phone calls to the membership, the Executive Council cancelled the meeting.

Plaintiffs subsequently informed the Special Master of the cancellation and applied to him for affirmative relief. Johnson sought to reschedule the meeting for January 20, 1988 at the Beacon Theater, and on December 23, 1988, the Special Master directed that defendants tender payment for the meeting. Defendants, however, have not complied with that order and indeed have invoked this court's appellate jurisdiction to review the order. They contend that the Division Delegate Assemblies scheduled by them for the month of January, and the biannual meetings of the General Delegates scheduled by them in May and November of 1988 are sufficient for informational purposes.

*Discussion*

Defendants appeal from the ruling of the Special Master on several grounds. They contend that Johnson is not entitled to the relief sought first because such relief is not within the scope of the pleadings of this lawsuit, second because the court and hence the Special Master lack subject matter jurisdiction over the state law claims that plaintiff would present, and third because plaintiff has not made the requisite showing for injunctive relief. They additionally contend that the Special Master's ruling must be overturned because it fails to comply with the requirements of Rule 53, Fed.R.Civ.P.

Viewing this motion as one pertaining merely to a January meeting is short-sighted. The issue here is Johnson's ability to communicate effectively with the local—the same issue presented to this court in September of 1987 and ruled on in the October 8, 1987 opinion. As stated in that opinion, the actions of Kay and the Executive Council relative to stifling Johnson are governed not only by the Union's constitution, but by the LMRDA as well.

---

**1.** Subsequent to the initiation of this action, the RWDSU, backing Johnson, suspended Kay from his duties as secretary-treasurer of Local 1199. The Local filed an action, related to the one before the court, to stay the suspension. *See*

*Local 1199 v. Retail, Wholesale & Dep't Store Union,* 671 F.Supp. 279 (S.D.N.Y.1987). That dispute has since been settled.

**2.** See supra note 1.

Additionally, this very Assembly was addressed in the October 26, 1987 ruling authorized by Dean Schmertz and ordered by this court. In that order, the November 5th meeting was postponed at defendants' request until no earlier than November 24. Indeed, defendants themselves invoked the Special Master's, and hence this court's, jurisdiction regarding this very same meeting; the rescheduling was at their request.

■ In view of the fact that the issue here—communication—has been addressed by this court and indeed in some respects arises under federal law, and in view of the fact that defendants have themselves invoked this court's jurisdiction in matters relating to this meeting, this matter arises out of a common nucleus of operative fact, and this court has jurisdiction.

■ The Kay faction next claims that Johnson has not satisfied the legal standards for injunctive relief. In order to obtain a preliminary injunction, an applicant must show:

(a) irreparable harm and

(b) either

(1) likelihood of success on the merits or

(2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly toward the party requesting the preliminary relief.

*Hanson Trust, PLC v. ML SCM Acquisition, Inc.,* 781 F.2d 264, 273 (2d Cir.1986); *see also Johnson v. Kay, supra,* 671 F.Supp. at 273.

■ The irreparable harm that is suffered by a union if one faction seeks to silence another is set forth in the October 8, 1987 opinion and will not be repeated here. 671 F.Supp. at 277–79. That the Kay faction is seeking to silence Johnson seems unquestionable. She challenges the election results and has called together the only body that has the power to review those results. *See* constitution Art. IV, § 6, Art. VII, § 11. Under the constitution, she certainly has the power and may even have a duty to call such assemblies. *See* constitution Art. VII, §§ 2(c); *see also*

*id.* at § 2(g) (president has the duty to report to the membership); *id.* at § 11(b) (General Delegates shall meet at least twice per year). One faction cannot, under federal law, be permitted to suffocate dissent. *See Schonfeld v. Penza,* 477 F.2d 899, 903–04 (2d Cir.1973); *see also Cotter v. Owens,* 753 F.2d 223, 229–30 (2d Cir. 1985).

The Kay faction further asserts that this meeting may be "akin to a riot, where there is a serious danger of physical and verbal abuse and intimidation." However, it proposes to hold the identical meeting in May.

Additionally, Johnson should not have to wait several months to address the General Delegates Assembly. The meetings relating to the amendments are already two months old. The meeting previously sought to be called for January is a postponement of a November meeting. Johnson is entitled to perform her presidential prerogative at the adjourned meeting.

In sum, Johnson has asserted irreparable injury. Moreover, the LMRDA prohibits one union faction from infringing on the free speech rights of another, here by disallowing Johnson the right and the duty she has to communicate with the delegates representing the entire union membership. *See Schonfeld, supra,* 477 F.2d at 903. Thus, there is a likelihood of success on the merits. In any case, the balance of hardship swings strongly in her favor, since the only harm claimed by the Kay faction is the expense related to hiring the hall. Therefore, Johnson has fulfilled the requirements for a preliminary injunction.

■ Finally, defendants have challenged the Special Master's order as failing to comply with Rule 53, Fed.R.Civ.P. However, that rule states that "[t]he order of reference to the master may specify or limit the master's powers and may direct the master to report only upon the particular issues or to do or perform particular acts...." Rule 53(c). Additionally, Rule 53(e) subjects the form of the Master's reports to the order of reference. In consideration of the Special Master's qualifications as a Labor Arbitrator, the order of

reference in this case gave considerable latitude in the method of reporting and did not require specific findings of fact or conclusions of law upon all matters. The order of reference in this case states that "The Special Master may make the reports and recommendations set out in this paragraph in whatever form and at whatever time he deems desirable." The parties have had proceedings before the Special Master reported and that procedure was available in this instance had either party requested it. The Special Master's obligations under the order of reference were met.

### CONCLUSION

The defendants' appeal from the order of Special Master Schmertz is denied. The Executive Council will tender payment for the rental of the Beacon Theatre for a meeting of the General Delegates Assembly at such time as President Johnson designates.

IT IS SO ORDERED.